FILED
2019 Jan-14 PM 04:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS GARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | |
| HERITAGE FREIGHT, WAREHOUSING, | ) | **PLAINTIFF DEMANDS A** |
| & LOGISTICS, LLC, | ) | **TRIAL BY STRUCK JURY.** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a suit to obtain relief for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1981.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in that the Defendant employed the Plaintiff in Talladega County, Alabama.

### PARTIES

4. Plaintiff Curtis Garrett is an African-American resident of Talladega County,

1

Alabama who is over the age of 19.

5.  Defendant Heritage Freight, Warehousing & Logistics, LLC ("Heritage Freight") is a domestic limited liability company formed in Talladega County, Alabama.

6.  Heritage Freight provides transportation services, warehouse facilities, and rail and logistic services.

7.  Heritage Freight has three primary warehousing facilities located in Sylacauga, Alabama.

8.  Heritage Freight employed 15 or more persons for 20 consecutive weeks in 2018.

9.  Heritage Freight's website is https://heritagefreight.com/.

10. Heritage Freight's President and Chief Executive Officer is Jeff McGrady.

11. Heritage Freight is an employer for purposes of Title VII of the Civil Rights Act of 1964, as amended.

12. Heritage Freight is an employer for purpose of 42 USC §1981.

## ADMINISTRATIVE REMEDIES

13. Heritage Freight terminated Mr. Garrett's employment in July 2018.

14. On July 30, 2018, Mr. Garrett filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on color, race and retaliation in violation of Title VII. A

2

copy is attached as Exhibit A.

15. On August 10, 2018, the EEOC sent a Notice of Charge of Discrimination to Devin Roland, the Human Resources Manager for Heritage Freight.

16. The Notice of Charge of Discrimination advised Defendant "to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation."

17. With the Notice of Charge of Discrimination, the EEOC also sent the Defendant a form entitled Federal Investigation: Request for Position Statement and Supporting Documentary Evidence ("Request for Position Statement").

18. The Request for Position Statement directed that the "position statement should set forth all of the facts relevant to respond to the allegations in the charge, as well as any other facts the Respondent deems pertinent to the EEOC's consideration."

19. The Request for Position Statement included a request that the Defendant "submit all documentary evidence you believe is responsive to the allegations of the charge."

20. The Request for Position Statement required that the position statement "be signed by an officer, agent, or representative of Respondent authorized to speak officially on its behalf in this federal investigation."

21. On October 16, 2018, the EEOC mailed to Mr. Garrett a Dismissal and Notice of Rights. A copy, along with the post-marked envelope, is attached as Exhibit B.

22. Mr. Garrett filed this action within 90 days of October 16, 2018.

23. Mr. Garrett has exhausted his administrative remedies under Title VII.

## STATEMENT OF THE FACTS

24. Mr. Garrett is a dark-skinned African-American.

25. Heritage Freight employed Mr. Garrettt as a truck driver.

26. Heritage Freight did not provide Mr. Garrett any training on harassment and/or discrimination.

27. Heritage Freight did not educate Mr. Garrett on any policies prohibiting harassment, discrimination, or retaliation.

28. Rodney Parker is light-skinned African-American.

29. Heritage Freight employed Mr. Parker.

30. On or about May 20, 2018, Mr. Parker called Mr. Garrett an "ignorant-ass nigger."

31. Mr. Garrett complained to Jeff McGrady, Heritage Freight's owner, CEO and a president, about Mr. Parker's discriminatory remark.

32. On or about May 26, 2018, Mr. McGrady sent Mr. Garrett home and told him not to come back to work because Mr. McGrady would be moving Mr.

Garrett.

33. Mr. McGrady did not send Mr. Parker home.

34. Mr. McGrady did not move Mr. Parker.

35. Mr. McGrady did not recall Mr. Garrett to work.

36. Shortly after June 6, 2018, Mr. Garrett observed a new driver working for Heritage Freight who appeared to be Caucasian.

37. James Robinson (who is called Mr. Mickey) told Mr. Garrett that Mr. McGrady said he did not trust black employees.

38. At the time it terminated Mr. Garrett's employment, Heritage Freight paid Mr. Garrett $14 an hour.

39. Mr. Garrett had been working approximately 65 hours a week for Heritage Freight prior to his termination.

40. Employees of Heritage Freight were eligible for health insurance and burial insurance coverage after 90 days of employment.

## COUNT I
## 42 USC §1981
## RACE DISCRIMINATION

41. Plaintiff adopts and incorporates by reference the factual allegations set forth above.

42. Defendant discriminated against Plaintiff on the basis of race in the terms and conditions of his employment in violation of 42 USC §1981 by terminating his

employment.

43. Defendant terminated Plaintiff because of his race and otherwise subjected her to racial discrimination.

44. As a consequence of the Defendant's unlawful conduct, Plaintiff suffered damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests entry of judgment under 42 U.S.C. §1981 against the Defendant pursuant to an Order awarding:

    a.    compensatory damages to be determined by the trier of fact;

    b.    punitive damages to be determined by the trier of fact;

    c.    nominal damages to be determined by the trier of fact;

    d.    injunctive relief, including training, backpay, reinstatement, front-pay, and pre-judgment interest;

    e.    that relief which is fair, just, and equitable under the circumstances of this case;

    f.    reasonable attorney's fees; and

    g.    the costs of this suit

**COUNT II**
**42 USC §1981**
**RETALIATION**

45. Plaintiff adopts and incorporates by reference the factual allegations set forth

above.

46.   Mr. Garrett engaged in activity protected by 42 USC §1981 when he complained to the Defendant of conduct which he believed in good faith to be racially discriminatory, being called a racial slur.

47.   Because of Plaintiff's complaint, Defendant sent Plaintiff home, looked for reasons to terminate him, and then terminated his employment.

48.   Defendant retaliated against Mr. Garrett for engaging in conduct protected by 42 USC §1981.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests entry of judgment under 42 U.S.C. §1981 against the Defendant pursuant to an Order awarding:

a.   compensatory damages to be determined by the trier of fact;

b.   punitive damages to be determined by the trier of fact;

c.   nominal damages to be determined by the trier of fact;

d.   injunctive relief, including training, backpay, reinstatement, front-pay, and pre-judgment interest;

e.   that relief which is fair, just, and equitable under the circumstances of this case;

f.   reasonable attorney's fees; and

g.   the costs of this suit

7

## COUNT III
## TITLE VII
## RACE AND COLOR DISCRIMINATION

49. Plaintiff adopts and incorporates by reference the factual allegations set forth above.

50. Defendant discriminated against Mr. Garrett on the basis of his color by treating him less-favorably than a lighter-skinned African American, Rodney Parker with respect to sending Mr. Garrett home, looking for a reason to fire Mr. Garrett, and terminating Mr. Garrett.

51. Defendant discriminated against Mr. Garrett on the basis of his race by terminating his employment.

52. Mr. Garrett's color was a motivating factor in the Defendant's decisions to send Mr. Garrett home, look for a reason to fire Mr. Garrett, and terminate Mr. Garrett.

53. Mr. Garrett's race was a motivating factor in the Defendant's decisions to send Mr. Garrett home, look for a reason to fire Mr. Garrett, and terminate Mr. Garrett.

54. Because of the Defendant's unlawful conduct, Plaintiff suffered damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests entry of judgment under Title VII of the Civil Rights Act of 1964 against the Defendant pursuant to an Order awarding:

8

a.   compensatory damages to be determined by the trier of fact;

b.   punitive damages to be determined by the trier of fact;

c.   nominal damages to be determined by the trier of fact;

d.   injunctive relief, including training, backpay, reinstatement, front-pay, and pre-judgment interest;

e.   that relief which is fair, just, and equitable under the circumstances of this case;

f.   reasonable attorney's fees; and

g.   the costs of this suit

## COUNT IV
## TITLE VII
## RETALIATION

55.   Plaintiff adopts and incorporates by reference the factual allegations set forth above.

56.   Mr. Garrett engaged in activity protected by Title VII when he complained to the Defendant about being called a racial slur.

57.   Within days of Mr. Garrett's complaint, Defendant removed him from the workforce.

58.   After Mr. Garrett's complaint, Defendant looked for reasons to terminate his employment.

59.   After Mr. Garrett's complaint, Defendant terminated his employment.

60. Because of Plaintiff's complaint, Defendant sent Plaintiff home, looked for reasons to terminate him, and then terminated his employment.

61. Defendant retaliated against Mr. Garrett for engaging in conduct protected by Title VII.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests entry of judgment under Title VII against the Defendant pursuant to an Order awarding:

a.    compensatory damages to be determined by the trier of fact;

b.    punitive damages to be determined by the trier of fact;

c.    nominal damages to be determined by the trier of fact;

d.    injunctive relief, including training, backpay, reinstatement, front-pay, and pre-judgment interest;

e.    that relief which is fair, just, and equitable under the circumstances of this case;

f.    reasonable attorney's fees; and

g.    the costs of this suit

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

Heather Newsom Leonard
Attorney Code - ASB-1152-061H
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

10

HEATHER LEONARD, P.C.
P.O. Box 43768
Birmingham, AL 35243
Phone:          (205) 977-5421
Facsimile:     (205) 278-1400
E-mail:         Heather@HeatherLeonardPC.Com

## PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:

Heritage Freight, Warehousing & Logistics, LLC
c/o Jeff McGrady
106 Mountain Ridge
Sylacauga, AL 35150

11